UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| DAVID VENETUCCI, ) | |
| ) | |
| Petitioner, ) | Civil No. 0:22-cv-00075-GFVT |
| ) | |
| v. ) | |
| ) | |
| DAVID LeMASTER, Warden, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Respondent. ) | **ORDER** |

*** *** *** ***

Petitioner David Venetucci (formerly known as David Mullins) is a federal prisoner currently confined at the Federal Correctional Institution ("FCI")-Ashland, located in Ashland, Kentucky. Proceeding without an attorney, Venetucci has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence by the federal Bureau of Prisons ("BOP"). [R. 8.] Warden David LeMaster has filed his Response to the petition [R. 15] and Venetucci has filed a Reply. [R. 19.]

**I**

On February 15, 2010, Venetucci was arrested in Chicopee, Massachusetts by state authorities for Assault to Rape and two counts of Assault and Battery by Dangerous Weapon in Case No. 10-0315. [R. 15 at p. 2][1] On October 5, 2011, Venetucci was sentenced to a term of imprisonment of 5-7 years, with 597 days of jail credit. [*Id*.]

---

[1] Venetucci's 2010 arrest was not his first arrest for a sexual offense. Venetucci's criminal history was summarized by the Appeals Court of Massachusetts as follows:

> Venetucci has a long history of committing sexual offenses. In 1979, when he was thirteen, he was found guilty in New York of various such offenses, including sodomy of a five year old boy. In 1981, he was found guilty in Indiana of the sexual molestation -- at knifepoint -- of an eight year old boy. By the time he turned eighteen in 1984, Venetucci was convicted of additional charges stemming from the rape of a ten year old girl at knifepoint and was sentenced to concurrent terms of twenty-five years in prison. After he completed those sentences, Venetucci moved to Massachusetts where he was charged with assault with intent to rape. The victim was a forty-four

While in Massachusetts state custody, Venetucci was charged in the United States District Court for the District of Vermont on July 29, 2011, for Failure to Register as a Sex Offender. [*Id.*; *see also United States v. Mullins*, Case No. 2:11-cr-103-WKS (D. Vermont 2011).] On October 25, 2011, Venetucci was "borrowed" from Massachusetts State custody pursuant to a federal Writ of Habeas Corpus *ad prosequendum* for purposes of making an initial appearance before the United States District Court for the District of Vermont. [*Id.*] These federal charges were dismissed on November 28, 2012, and Venetucci was returned to Massachusetts state custody on January 8, 2013. [R. 15 at p. 2-3]

On December 19, 2013, an Indictment was issued in the United States District Court of Massachusetts charging Venetucci with Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a). [R. 15 at p. 3; *see also United States v. Venetucci*, No. 13-CR-30044 (D. Mass. 2013).] Because Venetucci was still in state custody in Massachusetts, he appeared in federal court pursuant to multiple Writs of Habeas Corpus *ad prosequendum*, and each time remanded back to state custody. *Id.* at R. 7, 9, 36. 37, 43, 52. On October 30, 2014, Venetucci was sentenced to a term of imprisonment of 71 months, to be served consecutive to any state sentence. *Id.* at R. 55, 56. That same day, Venetucci was returned to the primary custody of the State of Massachusetts, with the federal judgment lodged as a detainer. [R. 15 at p. 3.]

On August 24, 2016, prior to the end of Venetucci's state sentence, the Commonwealth of Massachusetts filed a petition pursuant to Mass. Gen. Laws ch. 123A, § 12, requesting that

---

year old woman. He again was armed with a knife, which he used to attack the woman's son who came to her rescue. Venetucci pleaded guilty and received the sentence referenced above, a prison term of from five to seven years, to be followed by four years of probation.

*Commonwealth v. Venetucci*, 153 N.E.3d 422, 423 (2020).

Venetucci be civilly committed as a Sexually Dangerous Person ("SDP").[2] *Venetucci*, 153 N.E.3d at 423. As explained more fully by the Appeals Court of Massachusetts:

> Having been notified of the impending end of Venetucci's Massachusetts sentence, the Commonwealth filed its SDP petition on August 24, 2016, which was approximately two weeks before his scheduled release. An order of temporary commitment was issued on August 30, 2016, and following a hearing, a Superior Court judge found probable cause that Venetucci met the criteria of an SDP and continued his temporary commitment pending trial. On August 2, 2017, while Venetucci remained at the Massachusetts Treatment Center (treatment center), the United States Marshal filed a detainer seeking to secure custody of him prior to his release.
>
> Through both a pretrial motion to dismiss and motions for a directed verdict filed at the close of the Commonwealth's case and renewed at the close of all the evidence, Venetucci argued that the SDP petition was untimely in light of the fact that he could not be released into the community until after he served his Federal sentence, which would not occur for at least another five years. The judge rejected this argument, explaining her reasoning in a memorandum of decision and order that she issued following the trial. She adjudicated Venetucci an SDP and entered judgment committing him to the treatment center for an indefinite period of time. *At the time of oral argument, he remained there still, and had yet to begin serving his Federal sentence.*

*Venetucci*, 153 N.E.3d at 423–24 (emphasis added).

On September 9, 2016, Venetucci was released from his Massachusetts State sentence to Civil Commitment by the Commonwealth of Massachusetts. [R. 15 at p. 3.] While civilly committed, Venetucci appealed the Massachusetts Superior Court's adjudication and his civil commitment to the Appeals Court of Massachusetts. On appeal, Venetucci argued both that the SDP petition was untimely and that "allowing the SDP process to delay indefinitely his ability to

---

[2] Under Massachusetts law, if a district attorney or the attorney general determines that a prisoner is likely to be a "Sexually Dangerous Person" and that person is scheduled to be released from prison, the district attorney or attorney general may file a petition in the Superior Court where the prisoner is committed or the sexual offense occurred to initiate proceedings potentially leading to the civil commitment of such a person in a treatment center. *See generally* Mass. Gen. Laws ch. 123A (Care, Treatment and Rehabilitation of Sexually Dangerous Persons), §§ 1-16.

serve his Federal sentence is fundamentally unfair and could result in his serving many additional years of confinement." *Venetucci*, 153 N.E.3d at 424. [3] The Appeals Court recognized that Venetucci's argument regarding his federal sentence "presents a conundrum," but concluded that it was one that it need not resolve because it found that the SDP petition was untimely. *Id*. at 424-425.  Accordingly, in a decision issued on August 11, 2020, the Appeals Court vacated the Superior Court's judgment and remanded the case for entry of judgment dismissing the Commonwealth's SDP petition as untimely. *Id*. at 428.  The Supreme Judicial Court of Massachusetts denied appellate review of the Appeals Court's decision on October 22, 2020.  *Commonwealth v. Venetucci*, 486 Mass. 1106, 157 N.E.3d 605 (2020).

On October 29, 2020, Venetucci was released from his state Civil Commitment to the United States Marshals Service ("USMS") to commence the service of his 71-month federal sentence imposed by the United States District Court for the District of Massachusetts.  [R. 15 at p. 3-4.]  Venetucci's sentence computation prepared by the BOP commences his 71-month federal sentence on October 29, 2020, the date that he was released to the custody of the USMS.  [*Id*. at p. 4.]  It awards him prior custody credit for his time spent in custody from August 2, 2009, through November 11, 2009, as this credit was not applied to any other sentence.  [*Id.*]  According to this sentence computation, Venetucci's projected release date is August 3, 2025.  [R. 15-1]

---

[3] Venetucci's argument on appeal regarding the "fundamental unfairness" of the timing of the State SDP proceedings and the effect on the commencement of his federal sentence acknowledges that he had not yet begun to serve his federal sentence while these proceedings were ongoing.  Thus, this position is at odds with his current argument in his § 2241 petition that he is, nevertheless, entitled to credit towards his federal sentence for the time that he was civilly committed by the Commonwealth of Massachusetts.

4

II

In his § 2241 petition, Venetucci challenges the BOP's sentence computation, arguing that he is entitled to credit from September 9, 2016 (the date that his he was released from his Massachusetts state sentence to civil commitment by the Commonwealth of Massachusetts) until October 29, 2020 (the date that he was released to the custody of the USMS). According to Venetucci, because the Appeals Court of Massachusetts overturned the Superior Court's Judgment of Civil Commitment, he was held from September 9, 2016, through October 29, 2020, "without being under a sentence," thus this time should be credited towards his federal sentence. [R. 8.]

In Response, Respondent argues that Venetucci did not begin to serve his federal sentence until the Commonwealth of Massachusetts relinquished primary custody over him. [R. 15.] According to Respondent, Massachusetts retained primary custody over Venetucci from the time that it arrested him on February 15, 2010, until it officially relinquished jurisdiction over him on October 29, 2020 (the date that Venetucci was released from his state civil commitment to the USMS to commence the service of his federal sentence). [R. 15 at p. 6-7.] Respondent further argues that Venetucci is not entitled to custody credit on his federal sentence for the time that he spent in civil commitment because that time was not spent in "official detention" for purposes of 18 U.S.C. § 3585(b). [*Id*. at p. 7-8.]

In his Reply, Venetucci disputes that he is seeking "credit towards his federal sentence for time held in civil commitment by the state of Massachusetts [only] from September 9, 2016, to October 29, 2020," claiming that he instead asks for "appropriate earned jail credit due" because his civil commitment time (from September 9, 2016, to October 29, 2020) did not apply

to another sentence. [R. 19 at p. 1.][4] Thus, according to Venetucci, "the issue before the Court is a question of who held sovereignty over Petitioner from September 9, 2016, to October 29, 2020." [*Id*.] Venetucci also argues that BOP Program Statement 5880.28, Sentence Computation Manual ("CCCA") of 1984, which provides that "[t]ime spent serving a civil contempt sentence prior to trial and/or sentencing does not constitute presentence time credit toward the sentence that is eventually imposed," does not apply because he was not held in civil contempt. [*Id*. at p. 4-5.] Finally, he contends that the BOP's computation of his federal sentence is a serious miscarriage of justice causing irreparable harm. [*Id*. at p. 5-6.][5]

A

After full consideration of Venetucci's § 2241 petition and the pleadings filed by the parties, the Court concludes that Venetucci's § 2241 petition must be denied. Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined under 18 U.S.C. § 3585. With respect to the commencement date of a sentence, § 3585(a) provides:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

In this case, Venetucci was received in federal custody to commence service of his federal sentence on October 29, 2020. "As between the state and federal sovereigns, primary

---

[4] It is not apparent to the Court that there is a meaningful difference between seeking credit towards his federal sentence for the time that Venetucci was held in civil commitment and requesting "appropriate earned jail credit due" for this same time period.

[5] Along these same liens, Venetucci has filed a separate "Motion to Expedite" [R. 20] requesting that the proceedings be "fast-tracked" because he "remains the victim of a continuing and permanent legal injury" because of his "illegal imprisonment" as a result of the BOP's calculation of his projected release date.

jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). *See also Ponzi v. Fessenden*, 258 U.S. 254, 260-62 (1922). Venetucci does not dispute that he was first arrested by Massachusetts authorities on February 15, 2010, for Assault to Rape and two counts of Assault and Battery by Dangerous Weapon, for which he was sentenced to a term of imprisonment of 5-7 years. [R. 15 at p. 2.] Thus, Massachusetts had primary jurisdiction over Venetucci.

Massachusetts authorities retained primary jurisdiction over Venetucci until he was relinquished to federal custody, an act that did not occur until October 29, 2020. "A consecutive [federal] sentence imposed on a defendant already in state custody . . . cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation." *Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at *2 (E.D. Mich. 2010)) (*citing Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992)). Venetucci's transfer into federal custody for purposes of his federal court proceedings did not cause the Commonwealth of Massachusetts to lose its priority of jurisdiction.[6] Rather, a state surrenders its primary jurisdiction only through acts clearly reflecting its intention to do so by (1) dismissing its charges against the defendant, (2) releasing him on bail, (3) paroling his sentence, or (4) through the natural expiration of his

---

[6] Venetucci does not (nor could he) argue that his temporary transfer into federal custody through a writ of habeas corpus *ad prosequendum* relinquished the state's primary jurisdiction over him. *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner.") (superseded on other grounds by statute as recognized in *United States v. Saintville*, 218 F.3d 246 (3d Cir. 2000)). Thus, because Massachusetts enjoyed primary jurisdiction over Venetucci, while he was in the custody of the USMS for purposes of his federal criminal proceedings pursuant to a writ of habeas corpus *ad prosequendum*, he was simply "on loan" to the federal authorities and primary jurisdiction over him remained with the Commonwealth of Massachusetts.

7

sentence. *Cf. Elwell v. Fisher*, 716 F.3d 477, 481-82 (8th Cir. 2013); *Berry v. Sullivan*, No. 07-5965(JAP), 2007 WL 4570315, at *3 (D.N.J. 2007).

Here, Massachusetts actively took steps reflecting that it did *not* intend to surrender its primary jurisdiction over Venetucci. Specifically, it instituted civil commitment proceedings against him prior to the expiration of his state sentence. Even if the Commonwealth's SDP petition was untimely (as was determined by the Appeals Court), these actions still do not evidence an intent to surrender Massachusetts' primary jurisdiction over Venetucci to the federal government – in fact, quite the opposite. Because Massachusetts retained primary jurisdiction over Venetucci until it relinquished him to federal custody on October 29, 2020, Venetucci's federal sentence could not commence until this date. *See* 18 U.S.C. § 3585(a). *See also Senty-Haugen v. Adams*, No. 1:20CV47, 2021 WL 4974051, at *6 (N.D.W. Va. July 30, 2021), *report and recommendation adopted*, No. 1:20-CV-47, 2021 WL 4443066 (N.D.W. Va. Sept. 28, 2021), *aff'd*, No. 21-7431, 2022 WL 898492 (4th Cir. Mar. 28, 2022) (petitioner who had been placed in indefinite civil commitment to Minnesota Sex Offender Program at the expiration of state sentences remained in Minnesota's primary custody). Thus, the BOP correctly commenced Venetucci's federal sentence on October 29, 2020.

**B**

Section 3585(b), which establishes whether a defendant may obtain credit for time spent in custody before the sentence commences, provides as follows:

> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or

  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

  Thus, for Venetucci to be eligible for credit towards his federal sentence for the time that he spent in civil commitment prior to the beginning of the service of his federal sentence (or from September 9, 2016, though October 29, 2020), he must have spent this time in "official detention." However, in *Reno v. Koray*, 515 U.S. 50 (1995), the Supreme Court held that a defendant that had been ordered confined to a community treatment center before the commencement of his federal sentence was not in "official detention" and thus was not entitled to a sentence credit under § 3585(b) for the time that he spent at the treatment center. *Reno*, 515 U.S. at 53.  In *Reno*, the Supreme Court concluded that the words "official detention" as used in § 3585(b) should be interpreted consistently with the use of the same words in § 3585(a) and, therefore, "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' and who were subject to BOP's control." *Id*. at 58 (quoting 18 U.S.C. § 3621).  The Court further noted that the context of § 3585(b) "strongly [suggests] that the period of presentence 'detention' must be equivalent to the 'imprisonment' itself." *Id*. at 59.  Thus, according to the Supreme Court, "[i]t would be anomalous to interpret § 3585(b) to require sentence credit for time spent confined in a community treatment center where the defendant is not subject to BOP's control, since Congress generally views such a restriction on liberty as part of a sentence of 'probation,' or "supervised release,' rather than part of a sentence of 'imprisonment.'" *Id*. (citations omitted).

9

Thus, consistent with *Reno*, the Court concludes that Venetucci's time spent in civil commitment pursuant to the Massachusetts SDP proceedings was not time spent in "official detention" for purposes of § 3585(b). *See also Senty-Haugen*, No. 1:20CV47, 2021 WL 4974051, at *6 ("Petitioner cites to no case law, and the undersigned is unaware of any case law which would convert his civil commitment to official detention for purposes of § 3585(b), simply because of the more restrictive terms imposed" by the state sex offender program, pursuant to which he was civilly committed).[7] Thus, the Court concludes that Venetucci is not entitled to credit towards his federal sentence for the time that he spent civilly committed in Massachusetts. Moreover, because the BOP properly denied Venetucci credit for this time, the BOP's sentence computation is not a "miscarriage of justice" nor does it irreparably harm Venetucci.

For all of these reasons, Venetucci is not entitled to credit towards his federal sentence for the time that he spent in civil commitment prior to the beginning of the service of his federal sentence from September 9, 2016, though October 29, 2020, thus his § 2241 petition will be denied.

Accordingly, it is hereby **ORDERED** as follows:

1.  Venetucci's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [R. 8] is **DENIED**;

2.  Venetucci's "Motion to Expedite" [R. 20] is **DENIED AS MOOT**;

---

[7] As pointed out by Respondent [R. 15 at p. 8], the conclusion that state civil commitments are not considered "official detention" for purposes of § 3585(b) is consistent with the BOP's interpretation of § 3585(b) as set forth in BOP Program Statement 5880.28, which states that "[t]ime spent serving a civil contempt sentence prior to trial and/or sentencing does not constitute presentence time credit toward the sentence that is eventually imposed." *Id*. While Venetucci argues that this provision should not apply to him because he was not found to be in civil contempt, he overlooks that his commitment was still civil in nature and, at any rate, as established by *Reno*, his confinement to a treatment center was not time spent in "official detention" for purposes of § 3585(b).

3.     This action is **DISMISSED** and **STRICKEN** from the Court's docket;

4.     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 13th day of September, 2024.

Gregory F. Van Tatenhove
United States District Judge